## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 30, 1906.

HENRY J. KOHLER
VS.
THE BALTIMORE TRUST AND GUARANTEE COMPANY.

*John V. L. Findlay* for plaintiff.

*John N. Steele* and *Edgar H. Gans* for defendant.

PHELPS, J.—

The authority mainly relied on by the learned counsel for the defendant, in support of their special plea demurred to, is the English case of Peek vs. Gurney, L. R., 6 H. L., 377. That case, overruling several previous decisions, is strongly dissented from in 2 Thomp. Corp., Secs. 4171, 4172. Without undertaking to decide between these conflicting authorities, it is enough to say that the English case is not strictly in point. The ratio decidendi of Peek vs. Gurney, was that the allotment of shares having been completed, the prospectus had done its work and was exhausted. (Pp. 377-378, 410).

The subscription to bonds invited by the prospectus or circular in this case had not been completed. The syndicate and sub-syndicate were pieces of financial machinery installed by the promoters for the purpose of facilitating the real end in view, the marketing of the bonds. They were simply promoting agencies, whose members were obviously not the real parties intended to be influenced by the circular. The division of the unsold bonds among the members of the sub-syndicate, contemplating future sales to actual investors (the bonds in question being four of them), falls far short of measuring up to the "complete allotment of shares," not to any promoting agency of its members, but to genuine, bona fide investors, by subscription and over-subscription, as was the case in Peek vs. Gurney. The circular, therefore, in this case, unlike the prospectus in the case cited, cannot be said to have done its work and to have become exhausted. The materiality of the distinction is too obvious for comment.

There is nothing in the circular which limits the information therein contained to those to whom copies were specially sent. That information was of a general character, and naturally calculated, and it must, therefore, be said intended, to impress favorably all persons whose attention . it might attract belonging to that class of the investing public looking for investments of the particular character of street railway bonds.

As concisely put in Hindman vs. Bank, 112 Fed. Rep., 943, one of the cases cited by the defendant.

"The true inquiry is, whom did the bank design to influence by its false representation?"

The answer to this inquiry must be found rather in what was actually done, than in what is now said to have been intended. The situation must be allowed to speak for itself. Res ipsa loquitur.

It is hardly necessary to add that the foregoing views must be taken to apply only to the pleadings in the particular case, with no reference to other suits upon similar causes of action, incidentally mentioned in argument.

It only remains for the Court to signify its appreciation of the exhaustive industry and distinguished ability with which counsel on either side have conducted this unusually protracted and elaborate investigation.

—*Demurrer sustained.*